Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC.,<br><br>        *Plaintiff,*<br><br>v.<br><br>JESSE KAMM INC.,<br><br>        *Defendant.* | Case No.: 2:23-cv-10602<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*Jury Trial Demanded* |

Plaintiff BackGrid USA, Inc., for its Complaint against Defendant Jesse Kamm Inc., alleges as follows:

## JURISDICTION

1.   This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff BackGrid*

2.   Plaintiff BackGrid is an entity organized and existing under the laws of the State of California with its principal place of business in Redondo Beach, California.

3. BackGrid is a global premier celebrity news and photo agency that provides the world's news outlets with real-time content from the top photographers. BackGrid also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

*Defendant*

6. Defendant Jesse Kamm is a corporation organized under the laws of the State of California.

7. On information and belief, Jesse Kamm owns, operates, or is responsible for the content of the Instagram social media account @jessekamm.

*Personal Jurisdiction and Venue*

8. According to its website jessekamm.world, defendant Jesse Kamm has its principal place of business in Los Angeles.

9. This Court has personal jurisdiction over Jesse Kamm because, being organized under California law and having its principal place of business in this State and judicial district, Jesse Kamm can be said to be "at home" in this State and judicial district.

10. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

### *The Copyrighted Photograph*

11. BackGrid is the owner and copyright holder of a photographic images (the "Image") depicting actress Dakota Johnson wearing Jesse Kamm brand pants. The Image was registered with the U.S. Copyright Office as Reg. No. VA 2-130-390 (eff. Dec. 14, 2018).

12. BackGrid never licensed the Image to defendant. Nevertheless, defendant used the Image without authorization or permission to do so.

13. Specifically, defendant or its agents copied the Image from Internet sources—on information and belief including legitimate licensees of BackGrid—stored the Image on its servers, and displayed the Image on the Instagram account @jessekamm and using it to promote its high-end apparel.

14. Plaintiff, through its agent, discovered defendant's infringement on December 19, 2020.

### *Defendant's Infringements Harmed BackGrid*

15. The Image is creative, distinctive, and—as evidenced by defendant's use and misappropriation of it—valuable. Because of the Image's quality, visual appeal, and celebrity subject matter, BackGrid stood to gain revenue from licensing it.

16. But defendant's unauthorized use of the Image harmed the existing and future market for the Images. Defendant's website posts made the Image immediately available to its nearly 100,000 followers and to the public, including consumers of entertainment and fashion news—and especially news and images of the celebrity subjects of the Image—who would otherwise be interested in viewing licensed versions of the Image in the magazines, newspapers, and online publications that are BackGrid's customers.

17. Defendant's unauthorized use of the Image also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and driving away BackGrid's actual and potential customers. BackGrid's customers—among them, media companies who compete with defendant and, unlike defendant, pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on the websites of their competitors.

18. BackGrid sold and offered for sale the Image on an Exclusive basis, meaning that it depicts celebrities or situations that are in high demand, or it is the only photograph available of a specific celebrity and situation in the world (because no other photographers were present at the time the photograph was taken), or both. For those reasons, Exclusive images command a higher licensing fee and are more valuable.

19. In addition, defendant's unauthorized use of the Image is commercial in nature. Defendant uses in-demand content about popular celebrities to promote its expensive products.

20. Indeed, on information and belief, defendant specifically posted the Image on Instagram to increase sales of its products. On information and belief, defendant knew that because of the Image's depictions of popular celebrities, users would be attracted to view the Image and thus more likely to buy the product that the celebrity was wearing.

21. As a company in the fashion industry, defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendant was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Image, and/or it acted recklessly by posting the Image without determining the right to do so.

# CLAIM ONE

## (For Copyright Infringement, 17 U.S.C. § 501)

22. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

23. Plaintiff is the authors and or/copyright owners of the protected Image named above in this Complaint.

24. Defendant has reproduced, displayed, or otherwise copied the Image without plaintiff's authorization or license.

25. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

26. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

27. Plaintiff suffered damages as a result of defendant's unauthorized use of the Image.

28. Having timely registered its copyright in the Image, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered.

29. Plaintiff alleges, on information and belief, that that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

30. In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

31. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

32. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying or displaying the Image;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Image used in violation of plaintiffs' copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Image or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees;

G. For court costs, expert witness fees, and all other costs authorized under law;

H. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: December 19, 2023    Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:    /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiff
BACKGRID USA, INC.